Jaime VIDALES, Jr., Petitioner—
Appellant,

v.

Joe MCGRATH, Respondent—Appellee.

No. 02–56696.

D.C. No. CV–01–04214–GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided July 15, 2003.

Before TROTT, TALLMAN, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

California state petitioner Jaime Vidales, Jr. ("Vidales") appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. Vidales was convicted of first degree murder, second degree robbery, and attempted robbery. The jury found that Vidales's crime contained special circumstances because the murder was committed during a robbery. *See* Cal.Penal Code § 190.2(a)(17)(A).

The district court granted certification of appealability on the following issues: (1) whether the pretrial identification procedures were unduly suggestive; (2) whether the evidence was sufficient to support a finding that Vidales was a participant in the murder; and (3) whether there was sufficient evidence to support the robbery-murder special circumstance finding. We have considered each, and we affirm.

Vidales's petition was filed after April 24, 1996, and is therefore subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lockhart v. Terhune,* 250 F.3d 1223, 1228 (9th Cir.2001). Under AEDPA, this court may not grant habeas relief for any claim adjudicated on the merits in state court unless the state court proceedings "(1) resulted in a deci-

sion that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d). The determination of factual issues by the state court is presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The ultimate question of the constitutionality of pretrial identification procedures is a mixed question of law and fact reviewed de novo. *Van Pilon v. Reed,* 799 F.2d 1332, 1336 (9th Cir.1986).

■ The pretrial identification procedures used to identify Vidales were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The evidence relied on by Vidales fails to show that witness Eriza saw Vidales's tattoo, read it, knew its significance, or that Eriza identified Vidales because of the tattoo. Furthermore, there is no evidence that any of the witnesses identified the younger assailant as having a tattoo or that there was a gang-related motive for the crime. The evidence Vidales relies on is insufficient to rebut the state court's findings.

Even if the pretrial identification procedure had been impermissibly suggestive, exclusion of the evidence was not required because the identification was otherwise reliable. *United States v. Montgomery,* 150 F.3d 983, 993 (9th Cir.1998). Courts consider the following five factors when determining the reliability of an identifica-

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description, (4) the level of certainty demonstrated at the confrontation, and (5) the length of time between the crime and the confrontation. *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ The California Court of Appeal correctly determined that Eriza's identification of Vidales was admissible because it contained other indicia of reliability. The appellate court credited testimony establishing that Eriza had seen Vidales before, got a good look at Vidales when Vidales approached with the shotgun, accurately described Vidales's clothing, picked Vidales out of a lineup less than three weeks after the crime, and was able to identify Vidales at trial. We cannot say that the state court's decision was unreasonable. *See United States v. Duran–Orozco,* 192 F.3d 1277, 1282 (9th Cir.1999) (in court identification reliable where witness was able to provide a "fairly, although not totally, accurate" description); *United States v. Matta–Ballesteros,* 71 F.3d 754, 770 (9th Cir.1995) (six-year time lapse between the witness's observation and the in-court testimony did not make the identification unreliable); *Van Pilon,* 799 F.2d at 1339 (witness identification found reliable even though she was initially tentative in her identification).

We likewise reject Vidales's argument that the California courts erred in determining that the evidence presented failed to support a finding of guilt because the only evidence connecting Vidales to the murder was the inadmissible identification. We review the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jones v. Wood,* 207 F.3d 557, 563 (9th Cir.2000) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "This is a high standard." *Id.*

■ The California Court of Appeal did not err in admitting Eriza's identification of Vidales and therefore Vidales's insufficiency claim is without merit. Additionally, the entirety of the evidence, viewed in the light most favorable to the prosecution, is sufficient to support Vidales's conviction. The identification Eriza provided to the police sufficiently matched Vidales. Eriza's identification of Vidales was also supported by the identification testimony of two other witnesses. Finally, Eriza identified the car found outside the residence in which both Vidales and his father were arrested as the car he saw flee from the scene. From these facts a reasonable juror could conclude that Vidales was the younger assailant. *See, e.g., Jones,* 207 F.3d at 564.

■ Finally, we reject Vidales's argument that there was insufficient evidence to support the jury's robbery-murder special circumstances finding. "To prove a felony-murder special circumstance like murder in the commission of a robbery, 'the prosecution must show that the defendant had an independent purpose for the commission of the felony, that is, the commission of the felony was not merely incidental to an intended murder.'" *People v. Bolden,* 29 Cal.4th 515, 127 Cal.Rptr.2d 802, 58 P.3d 931, 955 (2002). Robberies are "incidental to the murder" where property is taken to serve as a token of the incident or to cover the actual motive for the murder. *Id.*

Under California law, a robbery-murder special circumstances finding is appropriate in cases where the robbery was the primary motive for the murder. *See id.* (discussing California case law and upholding special circumstances finding where the jury could have concluded that the murder occurred to prevent discovery of the robbery, although the record lacked evidence of a motive); *People v. Garrison,* 47 Cal.3d 746, 254 Cal.Rptr. 257, 765 P.2d 419, 444 (.1989) (upholding felony-murder special circumstance finding where defendant robbed the victims after killing them).

Here, the robbery and the murder were part of one continuous transaction in which the assailants' intent was to steal money and drugs from the victim. The intent to rob the victim was formed both prior to and during the acts that eventually culminated in his death. The record contains ample evidence showing that the victim was approached by the assailants in order to rob him for money and rock cocaine.

The district court properly applied the provisions of AEDPA in reviewing the legal and factual determinations of the California courts. Federal habeas relief was properly denied.

AFFIRMED.